UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SERGIO NAVARRO, THERESA GAMAGE, DAYLE BULLA, and JANE KINSELLA, on their own behalf, on behalf of all others similarly situated, and on behalf of the Wells Fargo & Company Health Plan and its component plans,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, MICHAEL BRANCA, MARK HICKMAN, DREW WINELAND, DAVID GALLOREESE, BEI LING, and DOES 1–20,<br><br>Defendants. | Case No. 24-cv-3043 (LMP/DTS)<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT** |

Plaintiffs Sergio Navarro, Theresa Gamage, Dayle Bulla, and Jane Kinsella (collectively, "Plaintiffs") initiated this suit against Defendant Wells Fargo & Company[1] ("Wells Fargo") alleging causes of action for breach of fiduciary duty under the Employee Retirement Income Security Act. *See generally* ECF No. 1. Wells Fargo subsequently filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing or, alternatively, under Rule 12(b)(6) for failure to state a

---

[1] Wells Fargo agreed to assume responsibility for "all acts or omissions relating to the allegations and claims in this action" and for "any judgment entered in this action," and Plaintiffs agreed to dismiss without prejudice all claims asserted against all defendants without prejudice except Wells Fargo. ECF No. 27 ¶¶ 2–4.

claim upon which relief can be granted. ECF No. 28. On March 24, 2025, the Court entered an order and judgment granting Wells Fargo's motion and dismissing Plaintiffs' complaint without prejudice for lack of standing (the "Dismissal Order"). ECF Nos. 57, 58.

Pursuant to this District's Local Rule 7.1(j), Plaintiffs filed a letter on April 14, 2025, requesting the Court's permission to file a motion to reconsider the Dismissal Order and raising two reasons for their request. ECF No. 59. First, Plaintiffs assert the Court erred because it did not address Plaintiffs' request—in a footnote at the end of their brief in opposition to Wells Fargo's motion to dismiss, *see* ECF No. 38 at 41 n.26—for an opportunity to amend their complaint and address any deficiencies in the event the Court was inclined to grant Wells Fargo's motion to dismiss. ECF No. 59 at 1–2. While Plaintiffs acknowledge that their complaint was dismissed without prejudice such that "there is no question that Plaintiffs may re-plead their claims" in a separate suit, Plaintiffs further assert that permitting them to amend their complaint here "makes more sense[] and is more efficient . . . than filing a separate action," which could result in parallel and potentially duplicative litigation in the district and appellate courts. *Id.* at 2. Second, Plaintiffs contend the Court erroneously held that monetary relief is not available to Plaintiffs for their claims under 29 U.S.C. § 1132(a)(3). *Id.*

Wells Fargo opposes Plaintiffs' request in both respects. ECF No. 60. First, Wells Fargo notes that Plaintiffs' request for leave to amend their complaint in a footnote in their opposition brief was procedurally improper under Eighth Circuit law and otherwise deficient under this District's Local Rule 15.1, which requires a party seeking to amend a

pleading to submit both the proposed amended pleading and a redline comparison between the original and proposed pleadings. *Id.* at 1. Wells Fargo also contends that Plaintiffs' letter, if construed as a post-judgment request for leave to amend the complaint, does not meet the heightened requirements for such requests. *Id.* at 1–2. Second, Wells Fargo contends that to the extent the Court was in error as to the availability of monetary relief under Section 1132(a)(3), that error "would not alter the outcome here" because the Court ruled, independent of that holding, that Plaintiffs' allegations of injury were speculative and insufficient to establish standing. *Id.* at 2; *see also* ECF No. 57 at 27.

The Court acknowledges that it did not address Plaintiffs' request for leave to amend their complaint in the Dismissal Order. Nonetheless, Wells Fargo is correct that "placing a footnote in a resistance to a motion to dismiss requesting leave to amend in the event of dismissal is insufficient" as a means to make such a request. *Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 641 F.3d 1023, 1031 (8th Cir. 2011); *see also In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884–85 (8th Cir. 2009) (affirming denial of leave to amend complaint where the plaintiff "merely included a footnote at the end of his response to [the defendant's] motion to dismiss stating that '[t]o the extent that the court finds the Complaint's allegations insufficient, plaintiffs respectfully request an opportunity to amend their claims'"). Wells Fargo is also correct that Plaintiffs' request as originally made was procedurally improper because Plaintiffs did not submit their proposed

3

pleadings or a redline comparison as required by Local Rule 15.1.[2] *See Novastar*, 579 F.3d at 884 (citation omitted) (cleaned up) ("In order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

But the Court is mindful that it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(2). While the Eighth Circuit has consistently affirmed district court decisions denying leave to amend a complaint in the circumstances present here, *see, e.g.*, *SBFO Operator No. 3, LLC v. Onex Corp.*, 101 F.4th 551, 562 (8th Cir. 2024), the decision as to whether to grant leave to amend a complaint "is within the sound discretion of the district court," *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 961 (8th Cir. 2023). And the Eighth Circuit has also explained that a court abuses that discretion by denying leave to amend a complaint "unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."[3] *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 606–07 (8th Cir. 2024) (citation omitted).

---

[2]   Wells Fargo further notes that Plaintiffs did not attempt to meet and confer with Wells Fargo regarding their letter requesting leave to file a motion for reconsideration. *See* ECF No. 60 at 1 n.1; *see also* D. Minn. L.R. 7.1(a) (discussing this District's meet-and-confer requirement). Despite the outcome here, the Court reminds Plaintiffs of their responsibility to adhere to this District's Local Rules in all respects.

[3]   Though Wells Fargo is correct that Plaintiffs' request for leave to amend their complaint was procedurally deficient under Local Rule 15.1, the "[a]pplication of local rules is a matter peculiarly within the district court's province," and "it is within the district court's broad discretion to 'determine what departures from its rules may be overlooked.'" *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1055 (8th Cir. 2025) (quoting *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir. 1992)). The Court grants such leniency here.

With these principles in mind, and over Wells Fargo's strong and reasoned objections, the Court will retroactively grant Plaintiffs' request for leave to amend. The Court observes that none of the circumstances identified above is present here or, to the extent they are, they do not weigh strongly against granting leave to amend. There has been no undue delay or bad faith by Plaintiffs in prosecuting this case, and Plaintiffs have not yet had the opportunity to amend their complaint. Although Plaintiffs have not submitted their proposed amended complaint such that its futility, or lack thereof, may be assessed, the Court is persuaded by Plaintiffs' observations regarding the efficiency of permitting Plaintiffs to amend their complaint in this case before this Court—which has developed at least some familiarity with the factual background and claims at issue—rather than to initiate a separate, potentially duplicative lawsuit while also appealing the Dismissal Order in parallel. And to the extent Wells Fargo is prejudiced by the Court permitting Plaintiffs to amend their complaint, the Court believes that prejudice is meaningfully reduced by the benefits of sorting through these issues now and creating a more robust record for appeal, regardless of the final disposition of the case.

In light of this decision, the Court will vacate the prior judgment entered in this case, ECF No. 58, so that Plaintiffs may preserve any issues they may wish to appeal relating to the Dismissal Order, if necessary. Granting Plaintiffs leave to amend their complaint also obviates the need to address Plaintiffs' second reason for requesting reconsideration—that

5

the Court erred regarding remedies available under Section 1132(a)(3).[4]

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' request for leave to amend their complaint is **GRANTED**;

2. In all other respects, Plaintiffs' request for leave to file a motion for reconsideration (ECF No. 59), is **DENIED**;

3. The judgment entered in this case on March 24, 2025 (ECF No. 58) is **VACATED**;

4. Plaintiffs shall file an amended complaint within 21 days of the date of this Order;[5] and

5. Wells Fargo shall either answer or file a motion under Federal Rule of Civil Procedure 12 within 21 days of the date Plaintiffs file their amended complaint.

Dated: April 17, 2025

        *s/Laura M. Provinzino*
        Laura M. Provinzino
        United States District Judge

---

[4] The Court does not opine either way on whether it erred on this issue but notes its agreement with Wells Fargo's assessment that if the Court committed such an error, it would not have altered the outcome in the Order. *See* ECF No. 60 at 2.

[5] For the benefit of the Court, the Court requests that Plaintiffs file their amended complaint on CM/ECF and attach as an exhibit thereto a version of the amended complaint that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods as contemplated in Local Rule 15.1(b)—how the amended complaint differs from the original complaint (ECF No. 1).