UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SERGIO NAVARRO, THERESA GAMAGE, DAYLE BULLA, JANE KINSELLA, and ERICA McKINLEY, on their own behalf, on behalf of all others similarly situated, and on behalf of the Wells Fargo & Company Health Plan and its component plans,<br><br>      Plaintiffs,<br><br> v.<br><br>WELLS FARGO & COMPANY,<br><br>      Defendant. | Civil Action No. 0:24-cv-03043-LMP-DLM |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION REGARDING CONTINUED SEALING OF REFERENCE LIST**

**BACKGROUND**

  Plaintiffs Sergio Navarro, Theresa Gamage, Dayle Bulla, Jayne Kinsella, and Erica McKinley ("Plaintiffs") move for an order continuing the sealing of the Reference List filed under temporary seal via ECF on May 19, 2025. ECF 65. On May 8, 2025, Plaintiffs filed a publicly available, partially redacted Amended Complaint (ECF 64), with numbered redactions specifically limited to Plaintiffs' prescription medications. In accordance with Fed. R. Civ. P. 5.2(g), Plaintiffs filed a Reference List under temporary seal which identifies each of those medications. Because the Reference List contains sensitive medical information – precisely the type of information courts routinely protect in this circuit – Plaintiffs request that the Court grant their motion and order the continued sealing of the

1

Reference List pursuant to Fed. R. Civ. P. 5.2 and D. Minn. LR 5.6(e). Defendant Wells Fargo does not oppose the sealing request.

## ARGUMENT

While there is a general presumption of public access to judicial documents, "that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2019). Courts are entrusted with broad discretion in determining whether to grant or limit access, taking into account "the relevant facts and circumstances of the particular case." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). In making that determination, "the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id*.

In this District, courts routinely recognize that medical information "warrants sealing." *Feinwachs v. Minnesota Hospital Association*, 2018 WL 882808, *3 (D. Minn. Feb. 13, 2018) ("the balance between the public's right of access and [plaintiff's] interest in protecting [medical] information from public disclosure weighs in favor of sealing this information"); *see also Estate of Lokken v. UnitedHealth Group, Inc.,* 2024 WL 3677896, *2 (D. Minn. Aug. 6, 2024) ("parties' legitimate interests in maintaining confidentiality as to [medical] information outweighs any public interest in unsealing it"); *Peterson v. Washington County*, 2021 WL 2292275, *1 (D. Minn. June 4, 2021) ("public's interest to access does not outweigh Plaintiff's privacy interests with respect to his medical information"); *Skky, LLC v. Facebook, Inc.*, 191 F.Supp.3d 977, 981 (D. Minn. 2016)

2

("personal health details" are "typically … subject to an order to seal"); *Olson v. Kopel*, 2016 WL 452132, *2 (D. Minn. Feb. 5, 2016) (granting motion to seal medical records). Other courts within the Eighth Circuit have also recognized that medical information is entitled to protection. *See, e.g., Littlefield v. American Alternative Ins. Co.*, 2022 WL 4355201, *2 (E.D. Mo. Sept. 20, 2022); *Montin v. Ramsey*, 2009 WL 2225621, *2 (D. Neb. July 16, 2009).

Here, the redacted portions of Plaintiffs' Amended Complaint are narrowly tailored and confined to Paragraphs 220, 222, 224, 226, and 228. *See* ECF 64 at 98-101. These paragraphs redact the names of a total of sixteen medications prescribed to and purchased by Plaintiffs that were allegedly overpriced. Pursuant to Fed. R. Civ. P. 5.2(g), the Reference List filed under seal identifies the names of these medications in the order they appear in the Complaint.

The continued sealing of the Reference List is essential to protect Plaintiffs' privacy. Disclosing the names of these medications would not only reveal the medications Plaintiffs have taken—which is itself protected health information—but would also allow the public to ascertain the medical conditions for which Plaintiffs are being treated. Plaintiffs' privacy interests in shielding this sensitive information far outweighs any minimal public interest in its disclosure. *See McKendrick v. Reubart*, 2023 WL 4041633, at *1 (D. Nev. May 30, 2023) (sealing records of prescription medications and finding that "a compelling need to protect Petitioner's medical privacy outweighs the public interest in open access to court records"); *Ahmed v. Ocasio-Cortez*, 2020 WL 4548077, at *2 & n.6 (E.D.N.Y. Aug. 6, 2020) (sealing copies of a plaintiff's optometry prescription *sua sponte*). Indeed, federal

law reinforces this protection. Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), medical information constitutes protected health information. *See* 42 U.S.C. § 1320d(4), (6); *see also United States v. Prentice,* 683 F.Supp.2d 991, 1001 (D.Minn. 2010) ("HIPAA was enacted in order to assure an individual's right to privacy in his or her medical records").

Furthermore, the public interest in knowing the specific names of the prescription drugs Plaintiffs purchased is negligible, as this information is not "material to the case." *Littlefield*, 2022 WL 4355201, at *2. The core of Plaintiffs' claims lies in the pricing of medications and Defendants' conduct, not the medications themselves. The Amended Complaint includes unredacted details about the drugs' costs – preserving public access to the central allegations – while protecting the names of the medications. This ensures that Plaintiffs' privacy interests are respected without undermining the public's right to access judicial records.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to continue sealing the Reference List.

Dated: May 19, 2025           Respectfully Submitted,

*/s/ Kai H. Richter*
Kai Richter MN Bar No. 0296545
Eleanor Frisch MN Bar No. 397776
COHEN MILSTEIN SELLERS & TOLL, PLLC
400 South 4th Street #401-27
Minneapolis, MN 55415
Telephone: (612) 807-1575
krichter@cohenmilstein.com
efrisch@cohenmilstein.com

Michelle Yau (*pro hac vice*)
Allison Pienta (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave. NW, Eighth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
myau@cohenmilstein.com
apienta@cohenmilstein.com

Michael Eisenkraft
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com

Jamie Crooks (*pro hac vice*)
Michael Lieberman (*pro hac vice*)
FAIRMARK PARTNERS, LLP
400 7th Street NW, Suite 304
Washington, DC 20004
Telephone: (619) 507-4182
jamie@fairmarklaw.com
michael@fairmarklaw.com

Daniel E. Gustafson
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com

*Attorneys for Plaintiffs and the Proposed Class*